EDWARD KERLING, ARCHIE THOMPSON AND CLARENCE BRADBURY, PLAINTIFFS, v. WILLIAM MANKETTO AND MAX BERG, DEFENDANTS.

Submitted May term, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *William B. Stites.*

Contra, *Ward & McGinnis.*

PER CURIAM.

A number of reasons are urged for making the rule absolute in this case, none of which seem to call for discussion except those relating to the damages awarded. There were three plaintiffs and three awards: To Edward Kerling, $11,500; to Archie Thompson, $500; to Clarence Bradbury, $79.53. Complant is made of the first and second awards.

The claims grew out of an automobile collision between a car driven by Edward Kerling in a northerly direction on Main avenue, in Clifton (followed by the car of Clarence Bradbury), and the car of Manketto, operated by his servant, Max Berg, in a southerly direction. The proofs were abundant that the defendant's car passed over to the easterly side of Main avenue in front of the Kerling car, resulting in a headon collision which in turn caused the Bradbury car to collide with the rear of the Kerling car; and that this was due to the negligence of the driver Berg.

As a result of the collision Kerling suffered a broken knee cap and injured knee joint, together with some minor cuts around the body and one leg. He was taken to the hospital where he remained for six weeks, and then was confined to his home for four months with a plaster cast on the knee. He was employed in a silk mill as a loom fixer, receiving $60 a week. When he was able to return to work he was given an easier position, as assistant foreman, at $30 a week. Later his knee gave way and he was unable to continue his employment. The proofs are that it is a permanent disablement for the trade that he knew. He incurred considerable medical expense and his car was damaged to the extent of $300. Considering the severity of the injury, the pain and the incapacity, we do not think that the verdict is so clearly excessive that it should be disturbed.

The same is true of the award to Thompson, where injuries consisted of cuts and bruises and a severe injury to the hand.

When injured he was earning $35 a week and lost fifteen weeks' time. Clearly the award of $500 was not excessive.

The other reasons alleged call for no discussion.

The rule for new trial is discharged.